IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BEAULY LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>RUSSELL JAMES, LISA PETERSO BROWN, *and all other occupants,*<br><br>  Defendants,<br>and<br><br>JESSE L. TURNER,<br><br>  Movant. | CIVIL ACTION FILE NO.<br>1:14-CV-02135-WSD-GGB<br><br><br><br>Removed from Magistrate Court of DeKalb County, Georgia<br><br>Case No. 14D14318 |

# **FINAL REPORT AND RECOMMENDATION**

# **AND ORDER**

This matter is before the court on the affidavit and request to proceed *in forma pauperis* ("IFP") filed by movant Jesse Turner ("Turner"). (Doc. 1). Turner, who is proceeding without counsel, seeks to remove this dispossessory action to federal court from the Magistrate Court of DeKalb County, Georgia, based upon his assertion of

certain defenses, including violation of the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220, and O.C.G.A. §§ 44-7-7 and 44-7-50.  (Doc. 1-1 at 2).

After consideration by the court of Turner's affidavit of indigency, his request to proceed IFP is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a).  However, because this court does not have original jurisdiction over the claim made in state court, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

## I.  DISCUSSION

Pursuant to 28 U.S.C. § 1447(c), this court must remand any action which has been improperly removed if the court lacks subject matter jurisdiction:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

Accordingly, the court must examine Turner's notice of removal to determine whether there is a proper basis for removal.  In order for removal to be proper, Turner must demonstrate that the action is based on diversity jurisdiction, or that the action contains one or more claims arising under the Constitution, treaties or laws of the United States.  28 U.S.C. §§ 1441(a) & (b), 1331(a), 1332.  In other words, a federal district

court must have original jurisdiction over the initial action.  28 U.S.C. § 1441(a).  The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941).  The party seeking removal bears the burden to establish federal jurisdiction.  Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

Turner has not alleged that the action is removed to this court on the basis of federal question or diversity jurisdiction.  The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)).

Here, the action instituted by the plaintiff, Beauly LLC, in the Magistrate Court of DeKalb County appears to be a dispossessory action seeking the eviction of the defendants and all other occupants as tenants holding over after foreclosure.  (Doc. 1-1 at 4, "Dispossessory Warrant").  Under the well-pleaded complaint rule, there is no indication that the state court dispossessory proceedings contain a federal question.  Turner may not invoke federal question jurisdiction solely on the basis of a defense or

AO 72A
(Rev.8/82)

counterclaim based on federal law.  See Caterpillar, 482 U.S. at 393; Jefferson County, Ala. v. Acker, 527 U.S. 423, 431 (1999).

It is also apparent that no diversity jurisdiction exists.  Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction for all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states.  See id.  The pleadings indicate that the plaintiff seeks possession of the premises against the defendants and all other occupants as tenants holding over after foreclosure.  With respect to the calculation of the amount in controversy when the dispute involves a dispossessory proceeding, this court has held "as a matter of law, that a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy."  Novastar Mortgage, Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001).  Thus, there is no monetary amount in controversy for dispossessory actions where, like here, the plaintiff is seeking only equitable relief from the court to gain possession of real property.  See id.

Even if the amount in controversy is the $51.50 in court costs and $105.00 in service fees listed on the dispossessory warrant, Turner has failed to show that the amount in controversy exceeds $75,000.00 and the action is between citizens of different states.

4

## II. <u>CONCLUSION</u>

Turner has failed to demonstrate that this court has subject matter jurisdiction over the plaintiff's claim. In addition, Turner's petition for removal is procedurally defective. <u>See</u> 28 U.S.C. § 1446. For the reasons stated, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of DeKalb County, Georgia. Turner's request to proceed IFP (Doc. 1) is **GRANTED** solely for the purpose of remand.

**IT IS SO RECOMMENDED AND ORDERED**, this 9th day of July, 2014.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

5