IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BEAULY LLC,

        Plaintiff,

v.

RUSSELL JAMES and LISA
PETERSO BROWN, and all other
occupants,

        Defendants.

and

JESSE L. TURNER,

        Movant.

1:14-cv-2135-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [3] ("R&R"), which recommends remanding this dispossessory action to the Magistrate Court of DeKalb County, Georgia.

I.    BACKGROUND

On July 1, 2014, Beauly LLC ("Plaintiff") initiated a dispossessory proceeding against its tenants, Russell James, Lisa Peterso Brown, and all other

occupants ("Defendants") in Magistrate Court of DeKalb County, Georgia.[1]  The Complaint seeks possession of the premises currently occupied by Defendants, plus court costs and fees.

On July 7, 2014, Jesse L. Turner ("Movant"), proceeding *pro se*, removed the DeKalb County Action to this Court by filing a Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1, 1.1].  In his Notice of Removal, Movant seeks to remove the DeKalb County Action to this Court based upon his assertion of defenses from the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220.

On July 9, 2014, Magistrate Judge Brill granted Movant's application to proceed IFP.  Judge Brill also considered *sua sponte* the question of subject matter jurisdiction and recommends that the Court remand this case to the Magistrate Court of DeKalb County.

Judge Brill found that Plaintiff's underlying pleading shows that this action is a dispossessory action, which does not present a federal question.  Judge Brill concluded that the Court does not have federal question jurisdiction over this matter.  Judge Brill also found that Movant cannot invoke federal question jurisdiction solely on the basis of a defense based on federal law.  Judge Brill also

---

[1] No. 14D14318

found that the amount in controversy does not exceed the $75,000 jurisdictional threshold, and that Movant had failed to show that the DeKalb County Action is between citizens of different states.  Judge Brill concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

On July 22, 2014, Movant filed his objections [6] to the R&R, asserting that diversity jurisdiction exists, that the value of the property in question "has a value of at least [$]75,000," and that Plaintiff is "foreign."

## II.   DISCUSSION

### A.   Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v.  Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

B.  Analysis

Movant does not object to the R&R's conclusion that Plaintiff's Complaint does not present a federal question. The Court does not find any error in these conclusions. It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint, and that removal is not appropriate where federal jurisdiction is sought solely on the basis of a federal defense. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002); Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

Movant objects to the R&R's conclusion that the Court lacks diversity jurisdiction over this action. Movant asserts that the "value of the property in question has a value of at least [$]75,000." The record, however, does not show that the amount in controversy exceeds the statutory threshold of $75,000. See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to the property is not at issue, and, accordingly, the removing [d]efendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Movant also asserts that Plaintiff is "foreign." Assuming, *in arguendo*, that Defendants are Georgia citizens,[2] Movant must establish that Plaintiff is not a citizen of Georgia. Plaintiff is a limited liability corporation, and is thus a citizen of any state of which one of its members is a citizen. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Movant has not identified Plaintiff's members and their respective citizenships, and the Court is thus unable to determine if "every plaintiff [is] diverse from every defendant." See Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). Movant has failed to establish that the Court has diversity jurisdiction over this action.

Because the Court lacks federal question or diversity jurisdiction, this action is required to be remanded to the state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

---

[2] The property they currently reside at is located at 993 Timberclair Way, Lithonia, Georgia, rendering them, at a minimum, Georgia residents. The Court notes that this alone is not sufficient to establish diversity jurisdiction because "[r]esidence alone is not enough" to show citizenship. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013). For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002)).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [3] is **ADOPTED**. This action is **REMANDED** to the Magistrate Court of DeKalb County, Georgia

**SO ORDERED** this 17th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE